UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
PETER PERSAUD,

      Plaintiff,

  -against-

MICHAEL J. BODE, FHB FUNDING CORP. a/k/a FHB
FUNDING CORPORATION a/k/a FHB FUNDING,
METROPOLITAN INVESTORS COMPANY, MARK
LANDAU, RUTH WINSTON, PHILIP IRWIN AARON,
AND CARUS & MANNIELLO, P.C. f/k/a PHILIP IRWIN
AARON, P.C.,

      Defendants.
------------------------------------------------------------------- X

04 CV 4475 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

  On October 18, 2004, pro se plaintiff Peter Persaud ("plaintiff") filed his complaint in the instant action alleging that Michael J. Bode ("Bode"), FHB Funding Corporation ("FHB"), Metropolitan Investors Company ("Metropolitan"), Mark Landau ("Landau"), Ruth Winston ("Winston"), Philip Irwin Aaron ("Aaron"), and Carus & Manniello, P.C. ("Carus & Manniello") (collectively, "defendants") engaged in a common scheme to defraud him of more than $200,000 in the purchase of property located at 118-06 Sutter Avenue, Queens, New York. Plaintiff seeks to recover $13 million in compensatory and punitive damages from defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Plaintiff claims that defendants Bode, Landau, Winston, and Aaron, in furtherance of the allegedly criminal enterprises FHB, Metropolitan, and Carus & Manniello, committed the following predicate acts of RICO: extortion, fraud, and conspiracy to commit fraud.

1

Presently before the court are the defendants' motions to dismiss the complaint. Defendants Metropolitan, Landau, Winston, Aaron, and Carus & Manniello seek dismissal of the complaint (1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff's complaint fails to state a cause of action under RICO and (2) pursuant to Rule 9(b) for failure to plead fraud with sufficient particularity. Defendants Bode and FHB seek dismissal of the complaint (1) on the grounds that it is time-barred based on RICO's four-year statute of limitations; (2) pursuant to Rules 12(b)(6) and 12(b)(1) for failure to state a cause of action and, therefore, lack of subject-matter jurisdiction; and (3) pursuant to Rule 9(b) for failure to plead fraud with sufficient particularity.

For the reasons set forth below, the court grants defendants' motions to dismiss, dismisses plaintiff's action without prejudice, and grants plaintiff leave to file an amended complaint consistent with this opinion and order.

## DISCUSSION

### A. Motion to Dismiss Standard

### 1) Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other materials beyond the pleadings. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 & n. 6 (2d Cir. 2001). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). As the party seeking to invoke the jurisdiction of the court, the plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper based on

facts existing at the time the complaint was filed. Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).

**2) Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court should dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999) (internal quotation marks and citation omitted). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). The primary inquiry is not whether the plaintiff will ultimately prevail, but whether the plaintiff's allegations are sufficient to permit him to support his claims with evidence. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

**3) Rule 9(b)**

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). In order to meet this burden, the complaint must, "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)). Where there are multiple defendants, Rule 9(b) requires that the plaintiff allege facts specifying each defendant's contribution to the fraud. See DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). Thus, under this rule the plaintiff must identify

which defendant caused each allegedly fraudulent statement to be spoken, written, wired, or mailed, and to whom the communication was made; when the communication was made; and how it advanced the fraudulent scheme. See McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992).

It should also be noted that courts are particularly hesitant to dismiss actions filed by pro se litigants, as pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" Weixel v. N.Y.C. Bd. of Educ., 287 F.3d 138, 145-6 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). As a general rule, an action brought pro se "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980). "Nevertheless, the [c]ourt is also aware that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Iwachiw v. N.Y.C. Bd. of Educ., 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

**B. Analysis**

**1) RICO Statute of Limitations**

Defendants Bode and FHB contend that plaintiff's RICO claims should be dismissed because plaintiff failed to file his complaint within the applicable statute of limitations. Civil RICO claims are subject to a four-year statute of limitations. Agency Holding Corp. v.

4

Malley-Duff & Assoc., 483 U.S. 143, 156 (1987); Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 35 (2d Cir. 2002). The four-year period begins to run when the plaintiff discovered or should have discovered his injury. See Rotella v. Wood, 528 U.S. 549, 557-559 (2000); Pharr v. Evergreen Gardens, Inc., 03 Civ. 5520, 2004 WL 42262, at *2 (S.D.N.Y. Jan. 7, 2004) (dismissing civil RICO claim on the grounds that plaintiffs discovered injury more than four years before filing the complaint).

Here, plaintiff alleges that "[defendants] Bode, Landau, and Winston ... intended to and did defraud plaintiff on October 18, 2000 when they conspired with plaintiff's prior attorney and caused him to purchase anew property known as 118-06 Sutter Avenue which they had previously sold to him in 1992." (Compl. ¶ 25.) Plaintiff filed his complaint on October 18, 2004, four years after the alleged date of his injury. Defendants Bode and FHB argue that plaintiff was on inquiry and actual notice well before October 18, 2000. To support their contention, they claim that even if the second purchase of the property occurred on October 18, 2000, plaintiff must have negotiated the contract prior to that date and, thus, possessed actual notice of the alleged fraud. They also claim that the date of the contract is August 2000 and, therefore, plaintiff had inquiry notice that defendants were planning for plaintiff to enter into a second contract to purchase the property. In addition, they argue that plaintiff possessed inquiry notice several years after the first contract was executed when defendants "in a further attempt to defraud plaintiff, initiated a foreclosure action against plaintiff on the basis of the other un-foreclosed upon mortgage [on the property]." (Compl. ¶ 18.)

The court finds defendants Bode and FHB's arguments unavailing. Bode and FHB suggest that plaintiff should have discovered the alleged fraud when defendants initiated a

foreclosure proceeding on the property several years after plaintiff first purchased it in 1992. At this point, plaintiff alleges that he was assured, orally and in writing, by defendants Landau and Winston that the foreclosure proceeding was "simply clearing the cloud on his title." (Compl. ¶ 18.) Given that he was allegedly given multiple assurances about the validity of the foreclosure proceedings and relied on those assurances, the court cannot conclude that the date of the foreclosure proceeding was the date that plaintiff should have discovered the fraud. Bode and FHB also ask the court to assume that plaintiff participated in negotiations prior to signing the second contract. However, nothing in plaintiff's complaint or the accompanying exhibits suggests that plaintiff was aware of the second contract prior to signing it. Moreover, aside from a rider to the contract that was only signed by Bode and dated August 2000, the contract itself has no date on it. At most, this suggests that defendants could have drafted the contract in August 2000. It does not suggest that plaintiff was aware of the second contract in August 2000. The second contract simply provides no basis for determining whether plaintiff had inquiry or actual notice prior to October 18, 2000. Consequently, at this time, the court cannot dismiss plaintiff's RICO claims for failing to comply with the statute of limitations.

**2) Sufficiency of Plaintiff's Civil RICO Claims**

Defendants also argue that plaintiff's RICO claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim and pursuant to Rule 9(b) for failure to plead fraud with the requisite particularity. Here, even after interpreting the complaint liberally, as the court must do, see McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999), it is clear that the pleadings fail to provide even minimal notice of the substance of plaintiff's claims.

Plaintiff alleges that defendants violated RICO by participating in a scheme to defraud him of over $200,000 by conducting a fraudulent foreclosure on his property and re-selling it to him for a higher price. The RICO statute makes it unlawful for a person to: (a) invest the proceeds derived from a pattern of racketeering activity in an enterprise; (b) maintain an interest in or control an enterprise through a pattern of racketeering activity; (c) conduct an enterprise's affairs through a pattern of racketeering activity; or (d) conspire to violate (a), (b), or (c). 18 U.S.C. §§ 1962(a)-(d).[1] In order to successfully plead a RICO claim, a plaintiff must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. See Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983).[2] After carefully reviewing the complaint, the court concludes that plaintiff simply has not alleged facts that, if found to be true, would satisfy the elements set forth above.[3]

---

[1] While plaintiff does not specify which subsection of § 1962 is applicable to the conduct at issue here, the language of the complaint clearly indicates that he is alleging violations of § 1962(c) and (d). Thus, the court will proceed to analyze defendants' motions to dismiss with respect to those claims.

[2] To the extent that Moss reflects an earlier understanding of what constitutes a pattern of racketeering activity, it has been superseded by later case law. See, e.g., United States v. Indelicato, 865 F.2d 1370, 1375 (2d Cir. 1989) (en banc).

[3] Given that the court concludes that plaintiff has failed to sufficiently allege a violation of § 1962(c), the court need not address plaintiff's conspiracy claim under § 1962(d). See Zhu v. First Atlantic Bank, 05 Civ. 96, 2005 WL 2757536, at *3 (S.D.N.Y. Oct. 25, 2005) (dismissing conspiracy claim under § 1962(d) due to failure to adequately plead RICO claim under § 1962(c)).

Plaintiff fails to adequately allege facts sufficient to constitute a "pattern of racketeering activity" under RICO. In order to demonstrate a "pattern of racketeering activity," a plaintiff must offer proof that the defendants engaged in at least two of the predicate acts specified in § 1961(1) with a ten year period. See 18 U.S.C. § 1961(5). Here, plaintiff alleges that defendants engaged in several offenses enumerated in § 1961(1), including extortion and fraud.[4] Plaintiff, however, has failed to plead any facts indicating that defendants committed the predicate act of extortion. The complaint simply fails to allege any of the requisite elements of extortion under New York law. See N.Y. Penal Law § 155.05(e) (McKinney 2005) (defining extortion as, inter alia, when a person "compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will [c]ause physical injury to some person in the future").

Moreover, with regard to plaintiff's allegation that defendants committed the predicate act of mail fraud, plaintiff has failed to state the circumstances constituting the alleged fraud with the sufficient particularity required under Rule 9(b). Plaintiff generally alleges that defendants "regularly used the US Postal Service to send mailings to plaintiff in furtherance of their criminal conspiracy," (Compl. ¶ 35), but he fails to state with particularity the fraudulent content of the mailings, when the mailings were made, or which defendants were responsible for the mailings. For example, plaintiff broadly states that defendants Bode, Landau, and Winston initiated a

---

[4] In his complaint, plaintiff specifically alleges that defendants were engaged "in the making of illegal mortgage loans, making predatory loans, defrauding the public, stealing property, evading taxes and other governmental regulations and in doing so us[ing] the US Postal Service and New York State Courts." With the exception of plaintiff's mail fraud and extortion claims, none of the alleged offenses are considered predicate acts under RICO. See 18 U.S.C. § 1961(1). The court further notes that generalized fraud—as opposed to mail or wire fraud, for example—is not cognizable as a predicate act. See id.

fraudulent foreclosure action on his property (Compl. ¶ 18, 23-24), and then conspired with plaintiff's former attorney to resell the property to him (Compl. ¶ 25, 28-29). However, plaintiff fails to specify that mailings were involved in the foreclosure and sale proceedings, the names of the defendants responsible for any such mailings, and the dates the mailings, if any, occurred. At most, plaintiff alleges that defendant Aaron notarized a fraudulent document (Compl. ¶ 28), but he fails to specify the date or even claim that the specific document was mailed to him. Similarly, plaintiff alleges that Bode filed the fraudulent document along with a fraudulent affidavit to the foreclosure court (Compl. ¶ 29), but fails to specify whether these were the documents allegedly mailed to plaintiff. Accordingly, the court finds that plaintiff has not adequately pled the predicate act of mail fraud. See Moore v. PaineWebber, Inc., 189 F.3d 165, 173 (2d Cir. 1999) (holding that plaintiff adequately pled mail fraud only after finding that "complaint also contains a chart listing twelve different mailings said to contain fraudulent representations, along with the dates of these mailings and cross-references to the paragraphs of the complaint in which the mailings are further discussed" and that "[t]he persons responsible for the allegedly fraudulent statements are identified"); see also Rivera v. Golden Nat'l Mortgage Banking Corp., 04 Civ. 4545, 2005 WL 1514043, at *3 (S.D.N.Y. 2005) (holding that plaintiff's general allegations of mail fraud are insufficient to establish a predicate act under RICO).

In addition to failing to adequately plead the predicate illegal acts underlying plaintiff's RICO claims, the complaint does not clearly set forth facts from which a trier of fact might conclude that there exists a "pattern" of racketeering behavior. To establish a "pattern" under RICO, plaintiff must identify two or more predicate acts and show that they are related and continuous. H.J. Inc v. Nw. Bell Tel. Co., 494 U.S. 229, 239 (1989). The continuity requirement

9

may be satisfied in one of two ways. "[A] plaintiff must allege either an 'open-ended' pattern of racketeering activity (i.e., past criminal conduct combined with a threat of future criminal conduct) or a 'closed-ended' pattern of racketeering activity (i.e., past criminal conduct 'extending over a substantial period of time')." GICC Capital Corp., 67 F.3d 463, 466 (citations omitted). In the instant case, plaintiff simply does not allege that defendants engaged in more than one act of fraud. While plaintiff alleges that defendants sold him property to which they did not have title, initiated an unlawful foreclosure on his property and then fraudulently resold the property to plaintiff, these acts, if true, constitute one act of fraud. See Linens of Europe, Inc. v. Best Mfg., Inc., 03 Civ. 9612, 2004 WL 2071689, at * 16 (S.D.N.Y. Sept. 16, 2004) ("[M]ultiple acts in furtherance of a single extortion episode constitute only a single predicate act of attempted extortion, not a pattern of two or more predicate acts."); see also Tellis v. United States Fid. & Guar. Co., 826 F.2d 477, 478 (7th Cir. 1986) ("[M]ultiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern [under RICO].")). Moreover, while plaintiff states in a conclusory fashion that defendants are engaged in an ongoing effort to defraud property buyers (see Compl. ¶¶ 9-10, 31), nothing in the complaint indicates that the alleged fraud against plaintiff has ever been or will ever be perpetrated against anyone else. Thus, plaintiff fails to adequately plead that defendants engaged in a "pattern" of racketeering behavior.

Similarly, plaintiff has failed to adequately plead facts demonstrating that defendants are engaged in an "enterprise" as defined by the statute. Under RICO, an enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981). An enterprise "is proved by evidence of an

ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." Id. However, a defendant may not be considered both the "enterprise" and the "person" who conducts the affairs of the enterprise through a pattern of racketeering activity. See De Falco v. Bernas, 244 F.3d 286, 307 (2d Cir. 2001) ("Under section 1962(c), a defendant and the enterprise must be distinct.").

Here, plaintiff offers vague allegations that the defendants acted in concert, but it is unclear how the alleged enterprise is organized and what roles the various defendants purportedly play within the entity. Plaintiff refers to defendants FHB, Metropolitan, and Carus & Manniello as "criminal enterprises." (See, e.g., Compl. ¶ 9.) It is unclear, however, if plaintiff is alleging that there are three criminal enterprises perpetrating the alleged RICO violations, or if the three defendants are merely entities within the overall enterprise. Moreover, while plaintiff provides some facts about the positions of individual defendants Bode, Winston, Landau, and Aaron within FHB, Metropolitan, and Carus & Manniello (see Compl. ¶¶ 2, 5-6, 11), he offers no details about their relationship to the alleged enterprise. Plaintiff's vague and conclusory allegations that defendants acted through one or multiple criminal enterprises fail to satisfy even the liberal pleading requirements of Rule 8(a). See Sony Music Entertainment Inc. v. Robison, 01 Civ. 6415, 2002 WL 272406, at * 5 (S.D.N.Y. Feb. 26, 2002) (finding that plaintiff inadequately pled the existence of an enterprise due to his failure to allege "the specific identities or number of participants, the structure of the enterprise, or how the enterprise's activities are sufficiently distinguishable from the regular business activities of these entities").

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted. Accordingly, plaintiff's RICO claims are dismissed with leave to replead within twenty days, but only if plaintiff is confident that his pleading will satisfy the requirements of RICO.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: February 6, 2006
      Brooklyn, New York

SERVICE LIST:

*Pro Se Plaintiff:*

Peter Persaud
118-06 Sutter Avenue
South Ozone Park, NY 11420

*Counsel for Defendants*:

Andrew Roth
Berkman, Henoch, Peterson & Peddy, P.C.
100 Garden City Plaza
Garden City, NY 11530

Edward Rugino
Carus & Manniello, P.C.
115 Eileen Way, Suite 103
Syosset, NY 11731

cc:     Magistrate Lois Bloom